KARL KARL, Appellant, *v.* SAHL SALKINS, Respondent.

Third Department, February 26, 1954.

*Harry R. Hayes, Jr.,* for appellant.

*Allan Dixon* for respondent.

*Per Curiam.* This is an action to recover the down payment upon a contract for the purchase of a hotel. The complaint alleges that the contract was conditioned upon the issuance to the plaintiff of a hotel liquor license, that the State Liquor Authority disapproved the plaintiff's application, and that the plaintiff is therefore entitled to repayment of his deposit. The answer pleads that the plaintiff's application was disapproved because he deliberately gave false testimony to the effect that he did not intend to conduct a bona fide hotel, for the purpose of avoiding his obligation under the agreement. The answer further pleads that the Authority denied the license on the ground that, upon the basis of the plaintiff's testimony, there was no assurance that a bona fide hotel would be operated upon the premises. The answer sets this forth as the sole ground for the denial of the application, pointing out that the hotel had been duly licensed, and was still licensed, to sell alcoholic beverages, the implication being that a new license would have been issued to the plaintiff if it had not been for his false testimony.

Annexed to the complaint is a copy of the notice of disapproval issued by the Liquor Authority, indicating that there were two reasons for the disapproval of the plaintiff's application: (1) that the premises were not being operated as a bona fide hotel; (2) that there was no assurance that a bona fide hotel would be operated in the future.

The plaintiff moved for judgment on the pleadings, pointing out that, while the answer charged the plaintiff with being responsible for the second ground of the Liquor Authority's refusal, it did not specifically charge the plaintiff with any fault in connection with the first ground. The plaintiff argues from this that the alleged wrongdoing on his part was immaterial, since the liquor license would have been denied on the first ground in any event.

This argument is spun too fine. It cannot be said as a matter of law that the alleged false testimony by the plaintiff that he did not intend to conduct a bona fide hotel had no bearing upon the Authority's determination that the premises were not being operated as a bona fide hotel. The two grounds of disapproval cannot be so sharply differentiated. The statute provides a single test, whether the premises " are being conducted as a bona fide hotel " (Alcoholic Beverage Control Law, § 64, subd. 5). Upon a motion to strike out the answer, the defendant

is entitled to the benefit of every reasonable intendment of the pleading (*Dyer* v. *Broadway Central Bank,* 252 N. Y. 430). Liberally construed, the answer must be deemed to charge that the plaintiff by his false testimony brought about the denial of the license on the ground of failure to comply with the statutory standard. The motion to strike out the answer and for judgment on the pleadings in favor of the plaintiff was therefore properly denied.

The Special Term seems to have felt that a clarification of the defendant's answer was desirable and for that reason, upon its own motion, it granted leave to the defendant to amend his answer. This the court had no right to do since no motion for that relief had been made by the defendant upon proper papers. The last sentence of section 283 of the Civil Practice Act does not apply here; it is applicable only if the objection to the pleading is upheld by the court.

The order appealed from should be modified by striking out that portion of the order which grants leave to defendant to amend his answer and, as so modified, the order should be affirmed, with costs.

FOSTER, P. J., BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Order appealed from modified by striking out that portion of the order which grants leave to defendant to amend his answer, and, as so modified, on the law, the order is affirmed, with $10 costs.