■ EDITH LEONARD, Respondent, v. MARTIN H. LEONARD, Appellant.— Order, entered June 12, 1968, reversed on the law and motion granted, without costs. In an action for a separation defendant pleaded a counterclaim to impress a trust upon various securities and bank accounts. Plaintiff's reply contained six separate defenses which defendant moved to dismiss pursuant to CPLR 3211 (subd. [b]). On such a motion if the moving party properly challenges the factual basis of the defenses it is incumbent on the party asserting the defense to come forward with such evidence as will raise an issue as to the facts pleaded (CPLR 3211, subd. [c]; *Kukoda* v. *Schneider*, 41 Misc 2d 308). Here the defenses, when considered in the light of the allegations of the counterclaim, fail to constitute any defense, and in the absence of any evidence which would affect this prima facie showing should have been dismissed. The dissent manifests a misapprehension as to the effect of this determination which, if it prevails elsewhere, should be cleared up. We do not by this determination decree summary judgment to the defendant in the action, nor even on the counterclaim. Plaintiff's denials are still in effect and were never challenged. The instant determination concerns the affirmative defenses only. As to these it is an adjudication that, despite the fact they may be sufficient on their face, they are factually lacking in merit. Prior to CPLR 3211 a defense which was proper in form was unassailable unless the entire action was vulnerable to summary judgment. The section in question authorizes the adjudication made. Moreover, the affidavit of the attorney, while not competent as to facts outside his knowledge, is not a nullity. It calls attention to certain facts in the pleadings which in themselves would negate the defenses. Under these circumstances it becomes necessary for the plaintiff to advance some facts which would at least raise an issue as to the factual validity of the defenses. Concur— Stevens, J. P., Steuer, Tilzer and McNally, JJ.; McGivern, J., dissents in the following memorandum: I would affirm the refusal of Special Term to dismiss the defenses pleaded by the plaintiff in her amended reply. True, CPLR 3211 (subd. [c]) permits a court, on a motion to dismiss, to con-

sider "any evidence that could properly be considered on a motion for summary judgment and the court may treat the motion as a motion for summary judgment." But, we do not have that type of evidence before us. All we have is an affirmation by the defendant's attorney, who cannot have, nor does he purport to have, any personal knowledge of the facts relating to this 19-year-old marriage. In my opinion, his affirmation should have been treated as a nullity (*Leefe* v. *Public Serv. Mut. Ins. Co.*, 14 A D 2d 951). Actually, his affirmation is nothing other than an attorney's analysis of the pleadings, devoid of evidentiary facts. It is insufficient, not only for summary judgment, but also for the shifting of the burden, to the plaintiff wife who pleaded the defenses. I cannot accept the view that the affidavit of an attorney having no personal knowledge of the facts and which simply "calls attention to certain facts in the pleadings" which, *if* proved, would negate the defenses, is adequate to support a summary dismissal of a pleaded defense. Allegations contained in the pleadings are *not* acceptable as evidential proof to defeat or support a motion for summary judgment, partial or otherwise. On a motion to dismiss a defense not invalid on its face "the evidence to be submitted is governed by CPLR 3212 (subd. [b]) (CPLR 3211, subd. [c]) which provides that 'A motion * * * shall be supported by affidavit, by a copy of the pleadings and by other available proof, such as depositions and written admissions'" (*Brooks* v. *Horning,* 27 A D 2d 874). In short, the defenses herein are not invalid on their face, and the bare reference to the pleadings by the defendant's attorney are inadequate to sustain a motion "that a defense is not stated or has no merit." (See, *Indig* v. *Finkelstein,* 29 A D 2d 851, affd. 23 N Y 2d 728; *Wick* v. *Cornrich Beverages,* 27 A D 2d 595.) The defenses before us, including laches, the Statutes of Fraud and Limitations, are not insufficient on their face, unreasonable, or implausible, in dealing with a marriage of this length of time. And the defenses were sufficiently particular to give notice to the defendant of the occurrences to be litigated (*Coley* v. *D'Agostino,* 21 A D 2d 60; *Lane* v. *Mercury Record Corp.,* 21 A D 2d 602, affd. 18 N Y 2d 889). Further, the mere denial by the plaintiff wife of the making of the alleged agreement, in itself is sufficient to bar summary judgment, particularly in the absence of any affidavit by the husband personally. In the *Kukoda* case cited by the majority, there was an affidavit by the defendant himself. Here, we have nothing in the lawyer's affirmation extrinsic to the pleadings of any probative value, and there is no basis for this court treating defendant's motion as one for summary judgment. The pleadings themselves pose issues of fact, precluding a summary disposition. Finally, Special Term was apt in stating: "The rule in this department is '(t)he matter set out in the answer as an affirmative defense should be weighed in the light of the allegations of the complaint * * * . If there is any doubt as to the availability and applicability of the defense *or a mere belief that the proof might fall short of the defense, it should not* be stricken' (*Krantz* v. *Garmise,* 13 A D 2d 426, 429)." (Emphasis supplied.) Accordingly, I would affirm.