■ MILL PRINTING & LITHOGRAPHING CORPORATION, Appellant, v SOLID WASTE MANAGEMENT SYSTEMS, INC., Respondent.—In an action to rescind a contract on the ground of fraud, plaintiff appeals from an order of the Supreme Court, Westchester County, dated May 10, 1978, which granted defendant's motion for summary judgment. Order reversed, on the law, with $50 costs and disbursements, and motion denied. Plaintiff purchased a baler from defendant for $2,995, based upon an offer in a letter which represented that the machine was two years old and worth $4,250. On defendant's motion for summary judgment, Special Term, relying on the purchase agreement signed by the plaintiff, found specifically that the baler therein described was of the design, fitness, size and capacity selected by the plaintiff, that it was sold "as is" and, inferentially, that there was a conspicuous disclaimer warranty (see Uniform Commercial Code, § 1-201, subd [10]). On this record we hold that the disclaimer, not being printed in different, larger or contrasting type or color, was not conspicuous. Nor do we find this agreement, signed only by the plaintiff, as the submitted record on appeal discloses, to be the complete and exclusive statement of the terms of the contract. In this posture, the defendant's letter of August 23, 1977, offering the baler and making certain representations, is supplementary evidence of consistent additional terms and is not inadmissible under section 2-202 of the Uniform Commercial Code. On the record before us the representations as to age and value were put in issue by a showing that the baler was 10 years old and that a new model costs $2,950. In the absence of

any specification as to age or model year in the agreement, the age of this baler, as set forth in the letter, becomes a consistent additional term and, by operation of law, an express warranty (see Uniform Commercial Code, § 2-313). Hopkins, J. P., Martuscello, Rabin and Margett, JJ., concur.