OPINION OF THE COURT
Albert A. Oppido, J.
This is a motion by plaintiffs for an order striking the affirmative defense asserted by the defendant, Miracle Adhesive Corp., in its answer and a cross motion by defendant, Miracle Adhesive Corp., for an order directing the plaintiffs to provide medical authorizations and to produce certain other material for discovery and inspection. An understanding of the nature of the action is necessary in order to evaluate the present motions.
The home of plaintiffs, Paul and Theresa Victor, was destroyed by a flash fire on March 9, 1977. Defendant, Salvatore Mammana, was using the substance MA400, a wall tile adhesive manufactured by defendant, Miracle Adhesive Corp., in the Victor home at the time of the fire. It is alleged that this highly volatile adhesive, used negligently by defendant, Mammana, caused the fire. It is additionally claimed that MA400 is unreasonably dangerous and unsuitable for its intended purpose.
Defendant, Miracle Adhesive Corp., interposed the affirmative defense of disclaimer of warranties. The disclaimer which appeared in small print on the label of the can of adhesive, under the heading, "warranty”, purported to free Miracle Adhesive Corp. from liability for breach of any warranty of express or implied merchantability, fitness or suitability.
Plaintiffs move to strike this defense, claiming that defendant’s disclaimer does not meet the requirements of the Uniform Commercial Code as adopted by the New York State Legislature. Subdivision (2) of section 2-316 of the Uniform Commercial Code requires the disclaimer to be "conspicuous” and subdivision (10) of section 1-201 of the Uniform Commercial Code states that a "term or clause is conspicuous when it *956 is so written that a reasonable person against whom it is to operate ought to have noticed it”. Capital letters, large print, contrasting type or color and black border are code and court acknowledged methods of making a message conspicuous in a form (Uniform Commercial Code, § 1-201, subd [10]; Mill Print. & Lithographing Corp. v Solid Waste Mgt. Systems, 65 AD2d 590; Architectural Aluminum Corp. v Macarr, Inc., 70 Misc 2d 495; see, generally, Ann. 73 ALR3d 248).
Defendant’s disclaimer of warranty appeared, however, on the label of the can of adhesive not in a form. Courts interpreting "conspicuous” on labels have used standards similar to those that have been used for forms. A disclaimer printed in the same small size as was virtually all the other copy on the label was called "ineffective” because a reasonable person would not have noticed it (Chemco Ind. Applicators Co. v duPont de Nemours & Co., 366 F Supp 278, 285).
A Federal court interpreting the Uniform Commercial Code of New York held that even though the disclaimer on the can began: "Important — Read Carefully Before Opening”, it was not conspicuous because only the first letter of each word in the heading was in capital letters (Greenspun v American Adhesives, 320 F Supp 442).
The xeroxed copy of the label before the court indicates that the reader’s attention is directed to the well-marked danger warning and the highlighted product name rather than the warranty disclaimer. The disclaimer is written in small print, in lower case except for the word "warranty”, and is border-less. Moreover, there is no heading at all except for the word "warranty”. It is clear that the disclaimer was not so written that a reasonable person against whom it is to operate ought to have noticed it.
Defendant’s only response to plaintiffs’ arguments that the affirmative defense is insufficient as a matter of law is to assert that whether or not the disclaimer on the label of MA400 meets the requirements of the Uniform Commercial Code "is a question of fact for the jury at the time of trial”. The Uniform Commercial Code, however, makes it absolutely clear that the decision on whether a disclaimer is conspicuous is to be made by the court (Uniform Commercial Code, § 1-201, subd [10]).
Turning to another reason for the insufficiency of the affirmative defense, the court notes that plaintiffs did not pur *957 chase or bring into their home the can of tile adhesive that allegedly caused the fire. The New York Court of Appeals has held that even if the disclaimer is deemed sufficiently "conspicuous”, plaintiffs who were strangers to the contract and never saw the relevant disclaimer could not be barred from recovery (Velez v Craine & Clark Lbr. Corp., 33 NY2d 117). The can of adhesive was brought into the plaintiffs’ home by defendant, Mammana. Defendant’s papers suggest that future discovery might adduce some evidence that would suggest that plaintiffs were familiar with the can of adhesive. The clear and concise assertions in the plaintiffs’ affidavits, however, that they were unfamiliar with the adhesive and that they never read the label, would seem to obviate the necessity of putting off a decision on the merits of the motion until further discovery is made on this issue.
While it is axiomatic that on a motion to strike an answer defendant "is entitled to the benefit of every reasonable intendment of the pleading” (Karl v Salkins, 283 App Div 470, 473), it is also equally true that "if the moving party properly challenges the factual basis of the defenses it is incumbent on the party asserting the defense to come forward with such evidence as will raise an issue as to the facts pleaded”. (Leonard v Leonard, 31 AD2d 620.) The defendant in this case has failed to come forward with any evidence which will raise a factual issue. Accordingly, the affirmative defense that Miracle Adhesive Corp.’s disclaimer of warranties relieves the defendant of liability is stricken.
Turning to the cross motion by defendant, Miracle Adhesive Corp., the plaintiffs are directed to provide the defendant, Miracle Adhesive Corp., with duly executed authorizations permitting said defendant to obtain the medical reports and records of all treating physicians, including Dr. Coren, Dr. Speigar, Dr. Carien and Dr. Levy, is granted (Myers v Schneider, 59 AD2d 736; Newman v Searle & Co., 50 AD2d 902; Sito v Neumann, 92 Misc 2d 97). Additionally, plaintiffs shall supply movant with copies of drug prescriptions issued to plaintiff, Theresa Victor, for the period 1976 to date. Finally, plaintiffs shall supply the material agreed to at the examinations before trial of both plaintiffs. The above material shall be produced for discovery and inspection within 15 days from the date of the order to be entered herein.