OPINION OF THE COURT
Allan L. Winick, J.
The court hereby withdraws its previous decision dated January 28, 1986 that was, in error, based upon a default and issues the following decision in its place based upon the papers submitted by both sides.
Plaintiffs move to dismiss three affirmative defenses contained in the answer. Plaintiffs contend that the first and fifth affirmative defenses apply only to a cause of action for negligence. The complaint alleges three causes of action.
The first and second plead an intentional tort and the third pleads negligence. The first affirmative defense is for apportionment of liability and the fifth pleads assumption of risk.
In Anderson v WHEC-TV (92 AD2d 747) decided in 1983, the Appellate Division, Fourth Department, held that an affirmative defense that asserts that a plaintiff is culpable is not a defense to an intentional tort. More recent developments in the law would seem to overrule this determination.
The enactment of CPLR article 14-A by the Legislature in 1975 was the starting point of a change in the application of the legal theory of contributory negligence. No longer was contributory negligence or culpable conduct of a claimant a bar to recovery, rather, the amount of damages otherwise recoverable would be diminished in proportion to the culpable conduct attributable to the claimant (CPLR 1411). Over the *393 past 10 years, many causes of action have been interpreted in light of this statute. Within the past year the Court of Appeals, in the case of Arbegast v Board of Educ. (65 NY2d 161 [Meyer, J., June 6, 1985]) has shed some light on whether these affirmative defenses should stand in this case.
In Arbegast (supra, p 166), the Court of Appeals described the memorandum of the Judicial Conference that was presented to the Legislature together with the then proposed CPLR article 14-A. That memorandum made clear that "this article is applicable not only to negligence actions, but to all actions brought to recover damages for personal injury, injury to property or wrongful death whatever the legal theory upon which the suit is based” (1976 Judicial Conference Report, at 240; emphasis supplied; see also, memorandum of Judicial Conference, 1975 NY Legis Ann, at 24; CPLR Advisory Committee memorandum, NYLJ, Apr. 23, 1975, p 7, col 2; see, Arbegast v Board of Educ., supra, pp 166-167).
Thus, what the Court of Appeals is saying is that what the statute requires is not comparison of negligence but rather comparison of conduct which, for whatever reason, the law deems blameworthy. "Comparative causation is, therefore, the more accurate description of the process, as is evident * * * from the wording of CPLR 1411” (Arbegast v Board of Educ., supra, p 168).
Although the Arbegast case (supra) involves assumption of risk and not intentional tort as in the instant case, the dicta of the Court of Appeals certainly indicates to this court that this is the direction we ought to be headed. Their interpretation of CPLR 1411 is that the culpable conduct attributable to the claimant be compared with the total culpable conduct which caused the injury. That includes an affirmative defense of culpability to a cause of action that pleads an intentional tort.
Therefore, plaintiffs’ motion to strike the first and fifth affirmative defenses is denied.
Plaintiffs additionally contend that the third affirmative defense should be dismissed. This defense states that if the plaintiffs were detained or arrested, the same occurred on probable cause. Plaintiffs contend that the security guards employed by the defendants at Shea Stadium were private citizens, not police officers. In addition, since police officers did not personally observe the incident, CPL 140.30 applied. Plaintiffs further contend that a private citizen may make an *394 arrest for an offense less than a felony only when the defendant has, in fact, committed such offense in the person’s presence.
Defendants contend that the arrest was effectuated by members of the New York City Police Department and not agents of the defendants. Therefore, there was no citizen’s arrest. Defendants further contend that until discovery is completed, plaintiffs’ motion is premature and disposition of the case must await a factual determination by a jury.
On a motion to dismiss an affirmative defense, if the moving party properly challenges the factual basis of the defense, it is incumbent on the party asserting the defense to come forward with such evidence as will raise an issue as to the facts pleaded. (Leonard v Leonard, 31 AD2d 620.)
Since defendants have come forward with evidence and raised an issue of fact, a resolution of this question must await a jury, and, therefore, plaintiffs’ motion to dismiss defendants’ third affirmative defense is denied.