*537 OPINION OF THE COURT
Frank M. Klinger, J.
We hold today that language in bold print on the back of a contract, sufficient itself linguistically under Uniform Commercial Code § 2-316 to exclude the implied warranty of merchantability, but printed in such light texture as to render it difficult to read, is not "conspicuous” under UCC 2-316 and therefore ineffective to exclude the implied warranty of merchantability, even though the front of the contract contains clearly marked language such as "see reverse side for guaranty” below the customer’s signature. We hold also that absent specific consent by the consumer, the implied warranty of merchantability given by a merchant-dealer is not displaced by a manufacturer’s express warranty.
We further hold that a refrigerator is an item which to be "of fair average quality” within the meaning of the Uniform Commercial Code’s implied warranty of merchantability (UCC 2-314 [2] [b]) should function, absent customer abuse, for a period substantially in excess of 2 Vi years.
The plaintiff herein purchased a refrigerator from the defendant, a merchant. An "invoice” contains the customer’s signature at the bottom. Beneath the customer’s signature is the clearly marked printed wording "see reverse side for guaranty”. The "reverse side” contains a 90-day warranty for parts installed by the dealer only (here not applicable) and then states in bold letters that: "except as expressly provided ABOVE, THERE IS NO WARRANTY OR GUARANTY OF MERCHANTABILITY, OR FITNESS FOR A PARTICULAR PURPOSE, OR OF ANY OTHER KIND, EXPRESS OR IMPLIED, WITH RESPECT TO THE SERVICES PERFORMED OR PARTS FURNISHED BY US, and W6 do not, of course, make any guaranty with respect to any other parts. If repairs later become necessary due to other defective parts, they will be charged separately”.
This information on the reverse side is in extremely light print and is difficult to read, especially inasmuch as it is against the backdrop of the darker print and writing on the front side of this "invoice”.
The refrigerator failed and ceased to function within 2 Vi years after purchase. There is no question in this case that the refrigerator’s malfunction was in no way attributable to the plaintiff consumer. Of course the breakdown was apparently not the "fault” of the defendant either. At least according to his testimony, it was primarily due to the failure of the manufacturer or his supplier to adequately repair the item.
*538 The implied warranty of merchantability, however, is not based upon fault, but upon absolute liability. If absent customer abuse, an item fails to perform according to reasonable standard, the merchant-seller, who by law is charged with the implied warranty of merchantability, is fully responsible for all damages to the customer, whether the "fault”, if any, be attributable to the dealer, the manufacturer, the supplier or anyone other than the customer.
It is true that the implied warranty of merchantability may be displaced by an express warranty (UCC 2-317 [c]). In this case the refrigerator arrived from Chicago with a manufacturer’s five years’ warranty. While this manufacturer’s warranty is clearly not binding upon the defendant, the defendant cannot derive benefit from it at least insofar as the plaintiff’s rights are concerned. A customer or consumer who is entitled to rely upon the implied warranty of merchantability given by a local merchant, amenable to local suit in a place such as Small Claims Court, certainly cannot be deprived of her rights by means of a document that arrives from Chicago after the fact in a box with the item purchased. The plaintiff is not required to sue the manufacturer in Chicago when the small claims remedy is available against the local merchant-dealer.
The question is whether the defendant has effectively disclaimed the implied warranty of merchantability. While the language of the disclaimer, although somewhat confusing as to its reference to "parts installed by us” when in fact the whole refrigerator arrived from the manufacturer in Chicago, would appear to be sufficient within the meaning of the Uniform Commercial Code § 2-316, that section, however, requires such language in order to be effective, to be "conspicuous” (UCC 2-316 [2]).
I note that there is a disputed issue of fact as to whether the "invoice” was in fact signed before or after the refrigerator was paid for and delivered. Clearly, if the invoice was signed after the article was paid for and delivered, as the plaintiff claims, then an invoice simply acknowledging delivery of the goods cannot constitute an acceptance of an exclusion of the implied warranty of merchantability which by law occurred at the sale. It should be noted that the language above the customer’s signature "I hereby accept above performed service, and charges as being satisfactory and acknowledge that equipment has been left in good condition”, along with the fact that the document in question is labeled an "invoice” rather than a "contract of sale” strongly supports *539 the plaintiff’s contention that the document was not signed as a part of the sale or transaction, but upon delivery. However, even if the defendant is correct in his contention that the document was signed as a part of the sale and even if this "invoice” referring to parts installed by the dealer, of which there were none, constitutes the "contract”, the language was simply not "conspicuous” within the meaning of New York State and Federal law (UCC 2-316).
The case of Greenspun v American Adhesives (320 F Supp 442 [US Dist Ct, Pa 1970]) held that the requirement that the exclusion of the implied warranty of fitness and merchantability be conspicuous was not satisfied where only the first letter of each word in the heading of a label was capitalized and where the capital letters in which the warranties appeared in invoices were actually smaller than any other heading on the form.
The case of Commercial Credit Corp. v CYC Realty (102 AD2d 970, 972 [3d Dept 1984]) held that " 'Conspicuous’ is defined in subdivision (10) of section 1-201 of the Uniform Commercial Code, in pertinent part, as follows: 'A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it * * * Language in the body of a form is "conspicuous” if it is in larger or other contrasting type or color * * *’ The test, accordingly, is whether a reasonable person would notice the disclaimer when its type is juxtaposed against the rest of the agreement (1 Anderson, Uniform Commercial Code [3d ed], §§ 1-201:54 — 1-201:58, pp 210-212)”.
In Victor v Mammana (101 Misc 2d 954 [Sup Ct, Nassau County 1979]) the court held that a disclaimer on a can which is written in small print in lower case except for the heading "warranty” and is borderless, "was not so written that a reasonable person against whom it is to operate ought to have noticed it” (supra, p 956).
In Natale v Martin Volkswagen (92 Misc 2d 1046 [City Ct, Utica 1978]) the court held that a hand-stamped disclaimer stating "this car sold without any guarantee. This car sold in its present condition as is” was ineffective to eliminate the implied warranty of merchantability. The words were "stamped over other printed material in such a way as to obscure those words and make it difficult, if not impossible, to read. The buyer cannot be expected to agree to a waiver which she could not read” (supra, p 1049).
*540 Similarly in the case at bar, the language on the back of the invoice is "obscured” to the extent that it is in print so light, that against the backdrop of the written and printed portion of the front of this "invoice” it is almost illegible — certainly very difficult to read — even when one’s attention is called to it. Placing language such as "see reverse side for guaranty” beneath the purchaser’s signature is not enough, however, in my view, to call the purchaser’s attention to the disclaimer on the back, particularly since the words "see reverse side for guaranty” could well lull the purchaser into a belief that the reverse side does in fact contain an applicable guaranty. Here, however, the reverse side contains no applicable guaranty but rather a disclaimer of any applicable guaranty or warranty!
Furthermore, although I do not hold that a valid disclaimer must as a matter of law precede the purchaser’s signature, it only makes sense to hold that a conspicuous disclaimer in bold letters above the purchaser’s signature would seem to clearly call to the purchaser’s attention the fact that the purchaser is signing away any rights which he or she may have had to any warranty, guaranty, or the implied warranty of merchantability.
The plaintiffs damages include $400 for the reasonable value of this refrigerator which the defendant now has, at the time it ceased to function (the original purchase price was $759.65), $350 which the plaintiff did in fact testify was the amount of one month’s lost rent (the court finds that after one month, the plaintiff, who has a duty to mitigate her damages, could have purchased a new refrigerator) and $102.40, the amount that the defendant wrongfully charged the plaintiff for the completely ineffective "repair” of this refrigerator, for a total, with interest, of $922.27, for which I grant judgment for the plaintiff.