■ JOEL BECKER et al., Respondents, v ELM AIR CONDITIONING CORP., Appellant.—In an action to recover damages for the negligent installation of a central air-conditioning system, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Jones, J.), entered November 18, 1987, as granted those branches of the plaintiffs' motion pursuant to CPLR 3211 (b) which were for dismissal of the first and fourth affirmative defenses.

Ordered that the order is modified by deleting the provision thereof granting that branch of the plaintiffs' motion which was to dismiss the first affirmative defense and substituting therefor a provision denying that branch of the plaintiffs' motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.

As a general rule, where the plaintiffs properly challenge the factual basis of a defense, the burden falls upon the defendant to come forth with sufficient evidence to raise an

issue of fact with respect to the defense *(see, Leonard v Leonard,* 31 AD2d 620). However, in the instant case, the plaintiffs failed to properly challenge the factual basis of the first affirmative defense, which asserted culpable conduct on the part of the plaintiffs as the cause of the damage. The affirmation by the plaintiffs' attorney, who had no personal knowledge of the facts, and which was not accompanied by any other affidavits or evidentiary proof, was insufficient. Further, the unverified complaint is not a valid substitute for a sworn affidavit *(cf.,* CPLR 105 [t]).

Upon a motion to dismiss a defense pursuant to CPLR 3211 (b), the defendant is entitled to the benefit of every reasonable intendment of the pleading *(see, Karl v Salkins,* 283 App Div 470), which is to be liberally construed *(see, First Natl. City Bank v Valentine,* 61 Misc 2d 554); and, if there is any doubt as to the availability of a defense, it should not be dismissed *(see, Duboff v Board of Higher Educ.,* 34 AD2d 824). The plaintiffs' second and third causes of action sounded in negligence; therefore, the defendant was entitled to raise the first affirmative defense of culpable conduct. However, the fourth affirmative defense of CPLR article 16 (joint and several liability) was properly dismissed as that article applies only to personal injury actions *(see,* CPLR 1601).

The defendant's remaining contentions have been examined and are found to be without merit. Bracken, J. P., Lawrence, Weinstein and Balletta, JJ., concur.