**18** WINTEL SERVICE CORP., Respondent, v MSW ELECTRONICS CORPORATION et al., Appellants.—In an action to recover damages, *inter alia,* for breach of contract, the defendants appeal (1) as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), entered October 6, 1988, as granted the plaintiff's motion pursuant to CPLR 3212 for summary judgment, and (2) from a judgment of the same court dated May 22, 1989, which is in favor of the plaintiff and against the defendants MSW Electronics Corp. and Abraham J. Melnick in the principal amounts of $49,473.59 and $31,604.26, respectively.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order entered October 6, 1988, is vacated, and the plaintiff's motion for summary judgment is denied; and it is further,

Ordered that the defendants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

We find that the plaintiff Wintel Service Corp. (hereinafter Wintel) expressly warranted that it would provide the defendant MSW Electronics Corporation (hereinafter MSW) with telephone handsets which were hearing aid compatible *(see,* Uniform Commercial Code § 2-313 [1] [a]; *see also, Mill Print. & Lithographing Corp. v Solid Waste Mgt. Sys.,* 65 AD2d 590, 590-591; *Friedman v Medtronic, Inc.,* 42 AD2d 185, 190). We further find, contrary to the Supreme Court's determination, that the plaintiff's general disclaimer was ineffective because it was inconsistent with that express warranty (Uniform Commercial Code § 2-316 [1]; *see,* 1 White and Summers, Uniform Commercial Code § 12-2, at 562-563 [3d ed 1988]; *see also, Wilson Trading Corp. v David Ferguson, Ltd.,* 23 NY2d 398, 404-406; *Stream v Sportscar Salon,* 91 Misc 2d 99, 102-105).

Although we find that the express warranty was not effectively disclaimed, triable issues of fact nevertheless exist as to whether Wintel breached the express warranty and with respect to damages.

In light of the foregoing, we need not consider the parties' other contentions. Mangano, P. J., Brown, Sullivan and Balletta, JJ., concur.