■ JASMIN ARRIAGA et al., Appellants, v MICHAEL LAUB CO. et al., Respondents. [649 NYS2d 707] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered August 28, 1995, which, *inter alia*, denied the branch of plaintiffs' motion seeking to strike four affirmative defenses, and refused to strike the counterclaim and granted defendants' cross motion to amend their answer; and, order, same court and Justice, entered April 5, 1996, which granted plaintiffs' motion to reargue, and thereupon adhered to the above determination, unanimously affirmed, without costs.

The motion court properly refused to strike the affirmative defenses where the movant failed to properly challenge their factual basis with an affidavit by one with personal knowledge of the facts or other evidentiary proof; the affirmation by the plaintiffs' attorney, who clearly has no such knowledge, was insufficient (*Becker v Elm Air Conditioning Corp.*, 143 AD2d 965). The IAS Court also properly granted defendants' cross motion to amend the affirmative defenses, since plaintiffs failed to show either surprise or prejudice by the proposed amendments. The lack of an affidavit by one with personal knowledge

of the facts was not necessary here, since the proposed amendments are not based upon "additional or subsequent transactions or occurrences" (CPLR 3025 [b]), but merely constitute technical corrections of the original defenses (*see*, *Manginaro v Nassau County Med. Ctr.*, 123 AD2d 842).

Finally, inasmuch as plaintiffs failed to formally and specifically demand that the counterclaim be stricken in either the notice of motion or the "WHEREFORE" clause (CPLR 2214 [a]), it cannot be said that the IAS Court erred in denying such relief (*compare*, *HCE Assocs. v 3000 Watermill Lane Realty Corp.*, 173 AD2d 774, *with Potter v Blue Shield*, 216 AD2d 773, 775). In any event, the disputed counterclaim, which alleges that the plaintiff mother created the hazardous condition, and failed to seek adequate and timely medical care for the infant plaintiffs, and which, if proven, could result in a finding of negligence on the part of plaintiffs, does not sound in negligent parental supervision (*Alharb v Sayegh*, 199 AD2d 229). Concur—Sullivan, J. P., Rosenberger, Rubin, Kupferman and Williams, JJ.