■ LISA M. FONTANEZ, an Infant, by Her Parent and Natural Guardian, LILLIAN FONTANEZ, et al., Respondents, v LIBRA 730 Co. et al., Appellants. [681 NYS2d 282] —Order, Supreme Court, Bronx County (Luis Gonzalez, J.), entered on or about January 23, 1996, which, in an action to recover for personal injuries caused by lead poisoning, granted plaintiff parent's motion to dismiss defendants' counterclaim alleging that any injuries sustained by plaintiff infant were caused or exacerbated by the parent's negligence, unanimously affirmed, without costs.

The IAS Court correctly held that neither the parent's alleged violations of statutory provisions requiring tenants to keep their apartments "clean and sanitary" and to prevent Code violations (Administrative Code of City of NY § 27-2012 [a]; § 27-2013 [c]; § 27-2006; Multiple Dwelling Law § 80 [5]), nor her alleged failure to promptly obtain medical care for the child, falls outside the scope of the nonactionable tort of negligent parental supervision (*see, Holodook v Spencer*, 36 NY2d 35). We decline to follow the dictum in *Arriaga v Laub Co.* (233 AD2d 244). Concur—Sullivan, J. P., Milonas, Wallach, Williams and Mazzarelli, JJ.