OPINION OF THE COURT
Phyllis Orlikoff Flug, J.
Defendant, Ramon Solorin, moves to dismiss plaintiff’s complaint as asserted against him.
This is an action to foreclose a mortgage on the real property located at 23-11 99th Street, in the County of Queens, City and State of New York.
CPLR 3215 (c) provides that “[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed.”
Plaintiff served the summons and complaint on defendant Solorin by substitute service on March 11, 2010. Defendant Solorin filed an answer on May 19, 2010. On May 27, 2010, plaintiff rejected defendant’s answer as untimely, stating that defendant’s time to answer had expired on April 25, 2010.
Although defendant has been in default since April 25, 2010, plaintiff has not yet moved for entry of a default judgment against him. While plaintiff moved on August 3, 2010, for an order appointing a receiver, plaintiffs notice of motion did not contain any request for a default judgment (see Arriaga v Laub Co., 233 AD2d 244, 245 [1st Dept 1996]). In any event, plaintiff voluntarily withdrew that motion on November 18, 2010.
Plaintiff contends that it has demonstrated sufficient cause as to why the complaint should not be dismissed. Specifically, plaintiff contends that its attempts to comply with administrative order (AO) 548/10 of the Chief Administrative Judge of the Courts (as amended by AO 431/11) provides a reasonable excuse for its failure to comply with CPLR 3215 (c).
AO 548/10 was issued on October 20, 2010 and went into effect on November 18, 2010. It requires that an attorney for plaintiff in a residential foreclosure action certify the accuracy of the papers filed in support of the action by submitting an af *294 firmation from the attorney that he or she communicated with a representative of the plaintiff and was informed that the representative personally reviewed plaintiffs documents and records relating to the case, reviewed the summons and complaint and all other papers filed in support of the foreclosure, and confirmed the accuracy of the court filings and the notarizations contained therein.
As AO 548/10 merely requires that attorneys certify that they have met a minimum standard of diligence, it does not provide plaintiff with a reasonable excuse for delaying approximately 16 months before moving for default. Indeed, plaintiffs papers indicate that they have still been unable to comply with AO 548/10, despite the fact that it had been in effect for nearly nine months at the time of the motion.
Accordingly, defendant’s motion to dismiss is granted, and plaintiffs complaint is dismissed as asserted against him. The parties’ remaining contentions have been rendered moot.