Onofre v 243 Riverside Dr. Corp. (2024 NY Slip Op 05543)

Onofre v 243 Riverside Dr. Corp.

2024 NY Slip Op 05543

Decided on November 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 12, 2024

Before: Manzanet-Daniels, J.P., Pitt-Burke, Rosado, O'Neill Levy, Michael, JJ. 

Index No. 150754/20 Appeal No. 3004 Case No. 2023-03739 

[*1]Miguel Onofre, Plaintiff,
v
243 Riverside Drive Corporation et al., Defendants-Appellants.

Nova Construction Services LLC, Third-Party Plaintiff-Appellant,
v
Kostan, Inc., Third-Party Defendant-Respondent.

Ahmuty, Demers & McManus, LLP, Albertson (Kevin J. Murtagh of counsel), for appellants.
Rawle & Henderson, LLP, New York (Michael H. Zhu of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered July 6, 2023, which, to the extent appealed from as limited by the briefs, denied the motion of defendants 243 Riverside Drive Corporation and defendant/third-party plaintiff Nova Construction Services for leave to amend the third-party complaint and for summary judgment on liability on the third-party contractual indemnification claim as against third-party defendant Kostan, Inc., unanimously affirmed, without costs.
Supreme Court properly found the notice of motion defective as to third-party claims against Kostan (see CPLR 2214[a]). Although defendants purported in their motion papers to seek leave to amend the third-party complaint and to seek partial summary judgment as against Kostan, the notice of motion requested only summary judgment "dismissing the plaintiff's complaint along with all cross claims, and for such other and further relief as this Court deems just and proper." Thus, the notice of motion did not merely fail to state the grounds for relief (compare Ricciardi v State of New York, 201 AD3d 577, 578 [1st Dept 2022], lv denied 38 NY3d 914 [2022]), but utterly failed to specify the relief sought and against whom it was sought (see Abizadeh v Abizadeh, 159 AD3d 856, 857 [2d Dept 2018]).
Further, Supreme Court correctly declined to grant relief not specifically requested in the notice of motion (see Caesar v Metropolitan Transp. Auth., 229 AD3d 601, 601-602 [2d Dept 2024]; see also Arriaga v Laub Co., 233 AD2d 244, 245 [1st Dept 1996]). Contrary to defendants' position otherwise, an order granting leave to amend a third-party complaint and an order granting summary judgment on a third-party indemnification claim are both, in fact, "dramatically unlike" summary dismissal of plaintiff's Labor Law and negligence claims arising from his construction site accident, which was the relief actually requested (see Caesar, 229 AD3d at 601-602). Further, we reject defendants' argument that Kostan was not prejudiced by the omission, as the notice of motion did not give notice or indicate that defendants were seeking any relief against Kostan (id. at 602).
We have considered defendants' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 12, 2024