Leonard GREENSPUN, t/a Lee Table Pad Manufacturing Company

v.

AMERICAN ADHESIVES, INC.

Civ. A. No. 69–1150.

United States District Court, E. D. Pennsylvania.

Dec. 18, 1970.

Ned Stein, Philadelphia, Pa., for plaintiff.

L. Carter Anderson, Philadelphia, Pa., for defendant.

## OPINION AND ORDER

JOHN W. LORD, Jr., Chief Judge.

Presently before the Court is defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

From about January of 1966, and continuing for a period of two years, plaintiff purchased from defendant a glue used to put together table pads which it manufactured. These adhesives were shipped in drums with two gummed labels affixed, one on the side and one on the end. Imprinted on each label was the following language:

"Important—Read Carefully Before Opening: We exclude all warranties, express or implied, with respect to these goods including warranties of fitness for a particular purpose and merchantability. This provision is the final agreement of the parties and can be modified only by one of our officers in writing. In any event, purchaser's damages shall not exceed the price of the goods. If purchaser does not want the goods subject to these terms, they should be returned unopened."

Following each delivery, defendant forwarded by first class mail to plaintiff an invoice, which served as a bill for the purchase price of the contract. Imprinted on each was the following statement:

"WARRANTIES: Since we have no control over the conditions under which these goods are transported or under which the purchaser stores, handles, or uses these goods, we make no warranty, either express or implied, with respect to these goods or their fitness for any purpose or the results to be obtained from their use. No representative of ours has authority to waive or change this provision, which applies to all sales. IF THE PURCHASER DOES NOT ACCEPT THE GOODS ON THESE TERMS, THEY ARE TO BE RETURNED AT ONCE, UNOPENED."

Plaintiff, who accepted about three dozen such invoices without recorded

complaint, contends that some of the adhesive, when used, "migrated" through the layers of the assembled table pads, and appeared on the surface, causing damage to wood table tops on which the pads had been placed. Plaintiff's claim is for breach of warranty.

It is undisputed that the Uniform Commercial Code governs,[1] and that warranties may be disclaimed under the Code. UCC § 2–316 states:

"(2) Subject to subsection (3), to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and *in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous.*" (Emphasis added).

The primary objective of this section of the Code is to avoid the fine print waiver of rights by the buyer. 1 Anderson Uniform Commercial Code, 2d Ed. 677 (1970).

In its memorandum in support of motion for summary judgment, defendant cites the above quoted section of the Code and states, "Each of the two labels attached to each drum of adhesive clearly and effectively disclaimed all warranties. Merchantability and fitness for purpose were specifically mentioned, and *the disclaimer was obviously conspicuous.*" (Emphasis added). We disagree.

Section 1–201(10) of the Code defines conspicuous as "A printed heading in capitals. * * * Language in the body of the form is 'conspicuous' if it is in larger or other contrasting type or color."

Defendant's shipping label does not contain a conspicuous heading. Only the first letter of each word in the heading is capitalized.

With regard to the invoice, the word Warranties appears in capitals. However, these capitals are actually smaller than any other heading on the form, such as Invoice Date, Carrier, etc. Similarly, the sentence, "If the purchaser does not accept the goods on these terms they are to be returned at once, unopened," appears all in upper case letters. However, these too are no larger than the word Warranties, which we have above found not to be conspicuous.

While there is some slight contrasting set-off, this is not sufficient. A provision is not conspicuous when there is only a slight contrast with the balance of the instrument. Sarnecki v. Al Johns Pontiac, 56 Luzerne Leg.Reg.R. 293 (1966).

Although we feel that on these facts alone defendant's motion should be denied, we will address ourselves as well to their second contention, which is that a course of dealing here precludes plaintiff from its day in court.

In support of this proposition, defendant cites Roto-Lith, Ltd. v. F. P. Bartlett & Co., 297 F.2d 497 (1st Cir. 1962). There adhesives were sold with the statement on the label that the goods were sold without warranties, and subject to the terms on the reverse side, which contained words similar to those used in the instant case. In that case, however, the court was more concerned with the effectiveness of additional terms proposed in the offeree's expression of acceptance. Such a problem is not before us.[2]

### ORDER

And now, to wit, this 18th day of December, A.D. 1970, it is ordered that defendant's motion for summary judgment be and the same is hereby denied.

And it is so ordered.

---

1. The Uniform Commercial Code became effective in New York in 1964. New York Consolidated Laws New York U.C.C. §§ 1–101 et seq. The Code became effective in Pennsylvania in 1954. Purdon's Pennsylvania Statutes, Title

12A. Defendant is a New York corporation.

2. The *Roto-Lith* opinion was strongly criticized at the time of its publication. 3 B.C.Ind. and Com.L.Rev. 573 (1962); 76 Harv.L.Rev. 1481 (1962).