**Peg Eileen BOURKE, Appellant,**

v.

**Paul J. KAZARAS, Ind. & as Director of Lawyer Referral & Information Service of Philadelphia Bar Association and Philadelphia Bar Association, and Clifford E. Haines, and Sayde J. Ladov, Appellees.**

Superior Court of Pennsylvania.

Argued Dec. 7, 1999.

Filed Feb. 4, 2000.

Mary A. Duffy, Philadelphia, for appellant.

Carl H. Delacato, Jr., Philadelphia, for appellees.

Before MUSMANNO, HESTER and MONTEMURO*, JJ.

MONTEMURO, J.:

¶ 1 This is an appeal from an order granting Appellees' preliminary objections and dismissing Appellant's claims. We affirm.

¶ 2 Appellant was injured as a result of a fall from a cruise ship's gangplank. Prompted by an advertisement in the Legal Directory, Appellant contacted the Lawyer Referral and Information Service ("LRIS") of the Philadelphia Bar Associa-

*Retired Justice assigned to the Superior Court.

tion. They referred her to an attorney ("Attorney"), whom she retained. Attorney failed to file suit within the applicable statute of limitations. Appellant successfully sued for malpractice, but so far has been unable to collect on the judgment.

¶ 3 In October, 1998, Appellant filed the instant suit, alleging negligence, vicarious liability, and breach of contract against Appellees for referring her to Attorney. The individual defendants are employees and/or affiliates of the Philadelphia Bar Association. Appellees filed preliminary objections in the nature of a demurrer, which were granted. Appellant's claims were dismissed. This appeal followed.

> Preliminary objections, the end result of which would be dismissal of a cause of action, should be sustained only in cases that are clear and free from doubt. The test on preliminary objections is whether it is clear and free from doubt from all the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish his right to relief. To determine whether preliminary objections have been properly sustained, this Court must consider as true all of the well-pleaded material facts set forth in appellant's complaint and all reasonable inferences that may be drawn from those facts.

*Bower v. Bower*, 531 Pa. 54, 57, 611 A.2d 181, 182 (1992) (citations omitted).

¶ 4 Appellant first argues that she did indeed set out a claim for negligence in her complaint. She alleged that Appellees were negligent in referring her to Attorney. The trial court dismissed this claim because "Pennsylvania courts have not adopted a cause of action for negligent referral." (Trial Ct. Op. 5/17/99 at 4). On appeal, Appellant cites no authority to convince us otherwise. We agree with the trial court that no such cause of action exists, and we decline to create one.

¶ 5 Although federal cases are not controlling, the opinion of the U.S. District Court for the Eastern District of Pennsylvania in *Felker v. O'Connell*, 1990 WL 31912, 1990 U.S. Dist. LEXIS 3024 (E.D.Pa.1990), is instructive. That case involved the question of whether the court should "recognize[ ] a cause of action against an attorney for failure to use adequate care when referring individuals to other attorneys." *Id.* at *1, 1990 U.S.Dist. LEXIS 3024 at *3. The court ruled that no such cause of action exists or should exist, reasoning as follows:

> Many bar associations maintain referral services and many attorneys routinely refer cases because they cannot or do not want to handle them, or because they believe that the receiving attorney has greater expertise in the relevant subject area. Any holding that they nevertheless should be liable for the receiving attorney's conduct of a case would be logically and legally unpersuasive, and could unduly disrupt a process integral to the profession which has helped to meet the demand for legal services in a responsible way. The law provides sufficient protection for clients in the relatively rare instances where their case may end up in the hands of an inept or unscrupulous lawyer. It imposes liability on that lawyer for any improper conduct on his part.

*Id.* at *1, 1990 U.S.Dist. LEXIS 3024 at *3–4.

¶ 6 Appellant attempts to differentiate *Felker* by arguing that in the instant case "[Appellees] concealed from the plaintiff that [Attorney] was no longer covered with malpractice insurance, which [their] own rules required, did not obtain malpractice insurance to protect plaintiff or supervise [Attorney]. The court in *Felker* ... noted that there was no concealment there." (Appellant's Brief at 13). First, Appellees did not owe Appellant a duty to inform her that Attorney was no longer covered by malpractice insurance, provide such insurance themselves, or supervise Attorney. Second, this argument misinterprets *Felker*. There the court's assertion that there was no concealment was made only for the purpose of explaining why the claim was one for negligent referral, as opposed to misrepresentation.

¶ 7 Appellant claims that *Federici v. Hally*, 1997 WL 399384, 1997 U.S. Dist. LEXIS 10073 (E.D.Pa.1997), supports her argument. In that case, the plaintiff sued two doctors who had referred her to a third. The third had prescribed a drug that had allegedly injured the plaintiff. Appellant's reliance is misplaced, however, because the cause of action involved was not "negligent referral." The court specifically stated that the two referring doctors "were plaintiff's continuing treating nephrologists." *Id.* at *2, 1997 U.S.Dist. LEXIS 10073 at *7. They were not being sued strictly for their negligence in referring the plaintiff to the third doctor. As continuing treating physicians, they had a duty to monitor the plaintiff's use of the drug prescribed by the third doctor.

¶ 8 Appellant also cites *Tranor v. Bloomsburg Hospital*, 60 F.Supp.2d 412, 1999 U.S. Dist. LEXIS 4898 (M.D.Pa. 1999), to support her argument. This case held that a doctor may be found negligent for referring a patient to another doctor whom the referrer knew to be incompetent. Appellant's citation of this case is inappropriate, because Appellant did not allege in her complaint that Appellees knew Attorney to be incompetent.

¶ 9 Appellant next argues that she did indeed set out a claim for breach of contract in her complaint, which alleged that a contract was formed between Appellant and LRIS when Appellant responded to LRIS's advertisement. The complaint stated that the advertisement was an "offer," and that Appellant "accepted" the offer by calling LRIS. However, advertisements generally do not constitute offers. *Touraine Partners v. Kelly*, 333 Pa.Super. 196, 482 A.2d 240 (1984); Restatement (Second) of Contracts § 26 cmt. b (1981). They may only be regarded as offers if they contain "some language of commitment or some invitation to take action without further communication." Restate-

ment (Second) of Contracts § 26 cmt. b (1981). Without such language, advertisements are merely invitations to the public to enter into negotiations which may subsequently result in an offer and an acceptance. *See Touraine Partners*, 482 A.2d at 246 ("An advertisement is an invitation to the public to come and purchase."); *In Re Estate of Hilliard*, 383 Pa. 63, 66, 117 A.2d 728, 730 (1955) ("An offer is distinguishable from preliminary negotiations for a contract and invitations to bid.").

¶ 10 The advertisement to which Appellant responded was not an offer, but merely an invitation to call LRIS for the purpose of entering into negotiations which might subsequently result in an offer and an acceptance. Since the advertisement, as a matter of law, is not an "offer" Appellant's allegations fail to state a claim upon which relief may be granted, and so were properly dismissed by the trial court.

¶ 11 Appellant's final argument is that her complaint stated a claim upon which relief could be granted by alleging that Attorney "was an agent of [Appellees], acting upon the business of [Appellees] and within the scope of [their] authority." (Complaint at ¶ 35). In determining whether preliminary objections have been properly sustained, "this Court must consider as true all of the well-pleaded material facts set forth in appellant's complaint and all reasonable inferences that may be drawn from those facts." *Bower*, 531 Pa. at 57, 611 A.2d at 182. This, however, is not a "well-pleaded fact," but a legal assertion, with no factual basis appearing anywhere in the complaint. This argument therefore fails.

¶ 12 Judgment affirmed.