In re Estate of McDermott

*Elizabeth White*, for plaintiff.
*Nicholas Orloff*, for defendant.

LOVECCHIO, *J.*, March 24, 2014—This matter came before the court on preliminary objections filed by Cheryl Breen and John McDermott II to the petition to compel the transfer of assets filed by Pennsylvania Department of Public Welfare (DPW). The relevant facts follow.

On January 31, 2011, Arlene McDermott died. Prior to her death, her daughter Cheryl Breen and son John McDermott, II filed a joint petition to adjudicate Ms. McDermott as an incapacitated person and for them to be appointed the plenary co-guardians of her person and estate, and a petition to authorize said guardians to expend principal to implement an estate plan (hereinafter "guardianship and estate petition"). This petition was filed under No. 41-08-0470 in the Court of Common Pleas of Lycoming County, Orphan's Court Division.

By order of court dated September 12, 2008, a hearing on the guardianship and estate petition was scheduled for December 23, 2008. Service of the petition and scheduling order was not made on the Pennsylvania Department of Public Welfare (DPW), and no representative of DPW appeared at the hearing.

Following the hearing, the guardianship and estate petition was granted and Ms. Breen and Mr. McDermott (hereinafter "co-guardians") were appointed plenary co-guardians of Ms. McDermott's person and estate.

Prior to the appointment of co-guardians and while competent, the deceased executed both a last will and testament and a durable power of attorney.

The durable power of attorney appointed her daughter Cheryl Breen as her lawful agent and among other powers, gave her the authority to make gifts and transfers, in her sole discretion, which would "help qualify" her for public or private benefits.

The final order appointing the co-guardians gave them the authority, among other things, to make decisions regarding the available income and assets to benefit the estate and to authorize any contracts for public assistance, Social Security or other benefits; and the power to implement a long term healthcare plan, execute an irrevocable trust, purchase an annuity, transfer life insurance policies owned by the incapacitated person, and seek to qualify the incapacitated person for medical assistance benefits and transfer real estate to an irrevocable trust owned by the incapacitated person.

The co-guardians subsequently created the Arlene L. McDermott Real Estate Protector Trust (the "trust") and, during Ms. McDermott's life, transferred her assets in the approximate amount of $65,000.00 to the trust.

On or about May 1, 2010, Ms. McDermott qualified to receive medical assistance from DPW. From May 1, 2010 through January 31, 2011, DPW provided medical assistance to Ms. McDermott in the approximate amount of $45,000.00.

Following Ms. McDermott's death, DPW asserted a claim against her probate estate in the approximate amount of $45,000.00 for reimbursement of the medical assistance. Counsel for her estate, however, informed DPW that the gross value of the probate assets of the estate was less than $2,400.00. The assets in the trust, however, as of Ms. McDermott's death were over $65,000.00.

On August 5, 2013, DPW filed a petition to compel the co-guardians to transfer assets from the trust to decedent's probate estate. On September 16, 2013, the co-guardians filed preliminary objections to DPW's petition. On October 1, 2013, DPW filed a response in opposition to the preliminary objections.

A conference was held before the court on October 23, 2013. Following the conference, the court directed that the parties file respective briefs. The brief in support of the preliminary objections was filed on December 23, 2013 while the brief in opposition was filed on January 22, 2014. This matter is now ripe for a decision.

The preliminary objections to the petition to compel

consist of a demurer and failure to join a necessary party. The request for a demurer is based on four separate arguments.

The co-guardians assert that DPW has failed to establish a legally cognizable cause of action for the following reasons: the Lycoming County Orphan's Court had jurisdiction to enter the decree, DPW lacks standing to sue, the court had authority to grant the co-guardians gifting powers, and the agent under the power of attorney was already granted expansive unlimited gifting powers explicitly allowed under the statute. Co-guardians failed to address their preliminary objection in the nature of the failure to join a necessary party in their brief. Accordingly, the court will deem said objection waived and will address only those arguments asserted in their brief relating to the demurrer.

Rule 1028 (a)(4) of the Pennsylvania Rules of Civil Procedure provides that a party may file a preliminary objection based on the legal sufficiency, or insufficiency, of a pleading (demurer). A demurer tests the legal sufficiency of the complaint. *Sullivan v. Chartwell Inv. Partners, LP*, 873 A.2d 710, 714 (Pa. Super. 2005). A demurer should be granted only in situations that are clear and free of doubt. *Bourke v. Kazaras*, 746 A.2d 642, 643 (Pa. Super. 2000). When sustaining a demurer, the trial court must be satisfied that the claims on the face of the complaint cannot be sustained. *Sullivan*, 873 A.2d at 714. If doubt or uncertainty exists, the trial court should overrule the demurer. *Id.* In deciding a demurer, the court must resolve the issues solely on the basis of the pleadings; no

testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by a demurer. *Mellon Bank, N.A. v. Fabinyi*, 650 A.2d 895, 899 (Pa. Super. 1994) (citations omitted). All well and clearly pled material, factual averments and fairly deducible inferences can be considered. *Myers v. Ridge*, 712 A.2d 791, 794 (Pa. Commw. 1998).

Co-guardians first argue that DPW's petition should be dismissed because the court's December 23, 2008 decree is not subject to collateral attack by DPW and/or DPW does not have standing to bring its petition. Co-guardians argue the lack of standing to collaterally attack based on sections 5511 and 5525 of the Probate, Estates and Fiduciary (PEF) Code (20 Pa.C.S. §§ 5511 and 5525), which they contend supports their claim that DPW was not entitled to notice of the competency hearing. They further assert, pursuant to section 5523, that the decree cannot be collaterally attacked on account of any irregularity, because the court had jurisdiction to enter the order.

DPW counters that it was an interested party under the law and that it was entitled to notice. DPW argues that because it was not provided notice, the court did not have jurisdiction to enter the decree and it is subject to collateral attack.

The guardianship and estate petition included both a petition to appoint a guardian and a petition to authorize the guardian to expend principal and implement an estate and long term care plan and to make a gift of real estate. It was filed pursuant to both 20 Pa. C.S. § 5511 and 20 Pa.

C.S. §5536.

The petition more specifically sought approval for distributions of income and principal for the specific purpose of creating medical assistance (hereinafter "MA") eligibility. *See* petition, paragraph 11 and Exhibit "B" attached and made a part of the petition. Indeed, DPW is specifically referenced in the estate and long term healthcare recommendation form attached as Exhibit "B." At no time whatsoever was DPW notified of the petition, the scheduling order, the hearing, or the distribution of income and/or principal in order to create MA eligibility for Ms. McDermott.

The difficulties in this case arise because two different, but related, requests were joined in a single petition. The sections of the PEF code cited by co-guardians relate to the determination of incapacity, the designation a guardian (or in this case, co-guardians) to act on the incapacitated person's behalf, and the time frame within which the guardian must notify DPW of his or her appointment if the incapacitated individual is receiving benefits. The court agrees that DPW was not an interested party with respect to guardianship portion of the petition that sought determinations regarding Ms. McDermott's alleged incapacity and who should be appointed to act on her behalf, and the court does not believe that DPW is asserting that it was an interested party in those determinations. Instead, DPW is asserting that it was an interested party to the estate planning portion of the petition filed pursuant to section 5536.

This portion of the petition specifically sought to transfer assets for the purpose of qualifying Ms. McDermott for MA benefits.

Section 5536(b) states:

(b) Estate plan. — The court, upon petition *and with notice to all parties in interest* and for good cause shown, shall have the power to substitute its judgment for that of the incapacitated person with respect to the estate and affairs of the incapacitated person for the benefit of the incapacitated person, his family, members of his household, his friends and charities in which he was interested. This power shall include, but is not limited to, the power to:

(1) Make gifts, outright or in trust.

(2) Convey, release or disclaim his contingent and expectant interests in property, including marital property rights and any right of survivorship incident to joint tenancy or tenancy by the entirety.

(3) Release or disclaim his powers as trustee, personal representative, custodian for minors, or guardian.

(4) Exercise, release or disclaim his powers as donee of a power of appointment.

(5) Enter into contracts.

(6) Create for the benefit of the incapacitated person or others, revocable or irrevocable trusts of his property which may extend beyond his disability or life.

(7) Exercise options of the incapacitated person to purchase or exchange securities or other property.

(8) Exercise all rights and privileges under life insurance policies, annuity contracts or other plans or contractual arrangements providing for payments to the incapacitated person or to others after his death.

(9) Exercise his right to claim or disclaim an elective share in the estate of his deceased spouse and renounce any interest by testate or intestate succession or by inter vivos transfer.

(10) Change the incapacitated person's residence or domicile.

(11) Modify by means of codicil or trust amendment, as the case may be, the terms of the incapacitated person's will or of any revocable trust created by the incapacitated person, as the court may deem advisable in light of changes in applicable tax laws.

In the exercise of its judgment for that of the incapacitated person, the court, first being satisfied that assets exist which are not required for the maintenance, support and well-being of the incapacitated person, may adopt a plan of gifts which results in minimizing current or prospective taxes, or which carries out a lifetime giving pattern. The court in exercising its judgment shall consider the testamentary and inter vivos intentions of the incapacitated person insofar as they can be ascertained.

20 Pa.C.S.A. §5536(b)(emphasis added).

DPW was clearly an interested party under both the terms of the petition and by law. *See* 20 Pa.C.S.A. §767. Certainly one of the purposes, if not the sole purpose, of this portion of the petition was to make DPW responsible for the payment of Ms. McDermott's care. Since DPW's financial interests could be adversely affected by the granting of the petition, it was entitled to notice and the opportunity to be heard. As a result, the preliminary objection based upon a lack of standing fails.

The failure of the co-guardians to properly serve DPW, either actually or constructively, as a party in interest renders the portion of the order giving the co-guardians the power to distribute income and principal for the purpose of qualifying Ms. McDermott for MA void. *See In re Alexander*, 758 A.2d 182, 187-188 (Pa. Super. 2000) (failure to notify heir was a jurisdictional defect that rendered orphan's court's distribution decree void). Furthermore, because failure to give notice to an interested party is a jurisdictional defect, co-guardians preliminary objection, based upon 20 Pa.C.S. §5523, that the order is not subject to collateral attack, also fails.

Co-guardians further argue that DPW's petition fails to state a legally cognizable cause of action because they were permitted to transfer the assets to the trust for the purpose of qualifying the decedent for MA.

Co-guardians contend that section 5536 (b) authorized the court to enter the decree that it did and to specifically permit the co-guardians to allow for gifting, for the purpose of enabling MA eligibility. Co-guardians argue that the

court, in its discretion, exercised its authority based on both the testamentary and inter vivos intentions of the then alleged incapacitated person. This argument, however, assumes that the court had jurisdiction to enter the order and that it is valid and enforceable. Furthermore, while the statute directs the court to consider the testamentary and inter vivos intentions of the incapacitated person, the court also must consider whether the assets are necessary for the person's maintenance, support, and well-being. This is not to say that the court is inclined to grant DPW's petition. It is only to say that DPW had the right to be heard when these determinations were being made.

Co-guardians' final contention is that the agent under the power of attorney was already granted expansive unlimited gifting powers explicitly allowed under the statute. Co-guardians may raise this issue as a potential defense to DPW's petition, but the court cannot decide this issue in the context of preliminary objections. At this stage of the proceedings, there is no factual record. Therefore, the court does not know whether the assets were gifted by the agent under the power of attorney (hereinafter the "POA") or transferred to an irrevocable trust by the co-guardians.

The court also questions whether a transfer to the trust by the POA (by gift or otherwise) would insulate the assets from DPW's petition. The guardianship and estate petition filed in September 2008 acknowledged that the POA did not have the power to create an irrevocable trust. Specifically, paragraph 19 stated:

The alleged incapacitated person does have a power of attorney, appointing her daughter, Cheryl A. Breen[,] as her agent, and her son, John W. McDermott, II, as her successor agent. Said power of attorney allows the agent to make unlimited gifts, however[,] it does not allow the agent to execute an irrevocable trust on behalf of the alleged incapacitated person, and the alleged incapacitated person does not have the capacity to execute a power of attorney that authorizes her agent to execute an irrevocable trust.

Furthermore, absent express language to the contrary, when a POA is granted the power to create a trust for the principal's benefit it is subject to the following definition and conditions:

A power "to create a trust for my benefit" shall mean that the agent may execute a deed of trust, designating one or more persons (including the agent) as original or successor trustees and transfer to the trust any or all property owned by the principal as the agent may decide, subject to the following conditions:

(1) The income and corpus of the trust shall either be distributable to the principal or to the guardian of his estate, or be applied for the principal's benefit, and upon the principal's death, *any remaining balance of corpus and unexpended income of the trust shall be distributed to the deceased principal's estate.*

(2) The deed of trust may be amended or revoked at any time and from time to time, in whole or in part, by the principal or the agent, provided that any such

amendment by the agent shall not include any provision which could not be included in the original deed.

20 Pa.C.S. §5603(b) (emphasis added).

In conclusion, based upon the pleadings of record, this court cannot conclude that DPW has no basis for relief. While the Court of Common Pleas of Lycoming County previously approved the guardianship and estate petition, the court cannot conclude that said approval precludes DPW from attacking the execution of the estate plan under the circumstances.

## ORDER

And now, this 24th day of March 2014 for the reasons set forth above, the court denies the co-guardians' preliminary objections. The parties shall be permitted to engage in discovery. The discovery deadline is June 30, 2014. Any and all motions for summary judgment must be filed no later than July 31, 2014. A conference in this matter is scheduled for the 29th day of August, 2014 at 11:00 A. M in Courtroom No. 4 of the Lycoming County Courthouse to discuss all pretrial issues.