J-S51012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| EDWARD J. KLONIECKE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| GT MOTORS, INC. | : | No. 806 MDA 2020 |

Appeal from the Order Entered May 4, 2020
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s):  2019-CV-5121

BEFORE:  MURRAY, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED JANUARY 27, 2021**

Edward J. Kloniecke (Appellant) appeals from the order sustaining the preliminary objections of GT Motors, Inc. (GT Motors) and dismissing Appellant's complaint.  We affirm.

On August 30, 2019, Appellant filed a complaint against GT Motors alleging breach of contract regarding his purchase of a used 2010 Ford F-150 pick-up truck.[1]  Appellant's Complaint, 8/30/19, at ¶ 3.  Appellant states that

---

[1] As the complaint was dismissed in response to preliminary objections in the nature of a demurrer, we recite the background based on the well-pleaded facts in Appellant's complaint.  **Hill v. Ofalt**, 85 A.3d 540, 543 (Pa. Super. 2014) (citing **Burgoyne v. Pinecrest Cmty. Ass'n**, 924 A.2d 675, 679 (Pa. Super. 2007) ("When reviewing the dismissal of a complaint based upon preliminary objections in the nature of a demurrer, we treat as true all well-pleaded material, factual averments and all inferences fairly deducible therefrom.")).

"[i]n advertising the pick-up truck for sale," GT Motors "warranted that the vehicle was in a state of good repair and was safe for operation." *Id.* at ¶ 6.[2]

Appellant contacted GT Motors from his home in Lackawanna County, negotiated the price of the vehicle, and then "issued a deposit payment in the amount of $500.00 from his home via phone." Appellant's Complaint, 8/30/19, at ¶¶ 4, 5. Thereafter, Appellant traveled to GT Motors' location in Philadelphia where he purchased the vehicle. *Id.* at ¶¶ 2, 3.

Appellant attached to his complaint a bill of sale dated November 23, 2018. *Id.* at Exhibit A. The bill of sale indicates that for $15,200.00, Appellant purchased a used 2010 Red Ford F-150 pick-up truck, bearing vehicle identification number (VIN) 1FTMF1EWXAKA90637, from GT Motors. *Id.* Under the "Vehicle Warranty" section of the bill of sale, the box next to "No Express or Implied Warranties" is marked with an "X" and the following clause:

> **AS IS: THIS MOTOR VEHICLE IS SOLD AS IS *WITHOUT ANY WARRANTY* EITHER EXPRESSED OR IMPLIED. THE PURCHASER WILL BEAR THE *ENTIRE EXPENSE* OF REPAIRING OR CORRECTING ANY DEFECTS THAT PRESENTLY EXIST OR THAT MAY OCCUR IN THE VEHICLE.**

*Id.*

Directly below that provision is an integration clause specifying:

---

[2] Advertisements do not constitute offers unless they contain language of commitment or some invitation to take action without further communication. **Bourke v. Kazaras**, 746 A.2d 642, 644 (Pa. Super. 2000). Without such language, advertisements are merely invitations to the public to enter into negotiations which may subsequently result in an offer and acceptance. **Id.** at 645 (citations omitted).

> This agreement and the related documents that Buyer signs contemporaneously with this agreement, including any installment sale contract, contain the entire agreement between the Buy and Seller and cancels and supersedes any prior agreement including oral agreements relating to the sale of the motor vehicle. Any change to this agreement must be in writing and Seller must sign it.

Appellant's Complaint, 8/30/19, at Exhibit A. Appellant and GT Motors' representative endorsed the bill of sale on the signature line directly below the following clauses:

> Buyer hereby declares that he/she is of legal age to transact business and that no unfair inducement has been made by Seller. **This contract is not binding upon either the Seller or the Buyer until signed by an authorized Seller representative. YOU, THE BUYER, MAY CANCEL THIS CONTRACT AND RECEIVE A FULL REFUND ANY TIME BEFORE RECEIPT OF A COPY OF THIS CONTRACT SIGNED BY AN AUTHORIZED SELLER REPRESENTATIVE BY GIVING WRITTEN NOTICE OF CANCELLATION TO SELLER.**
>
> **Buyer acknowledges receipt of a completed copy of this agreement at the time he/she signed it. If this is an 'AS IS" sale (see above), Buyer acknowledges that Seller brought the required window sticker to his/her attention before Buyer signed this agreement or an installment sale contract.**

*Id.*

Appellant alleges that after purchasing the vehicle, he discovered extensive mold damage in the cab of the vehicle that made it impossible to operate. Appellant's Complaint, 8/30/19, at ¶¶ 8, 9. Appellant argues that because the "agreement between [Appellant and GT Motors] for the purchase of the pick-up truck [] constituted a contract between" the parties, by "withholding and concealing information regarding the condition of the pick-

up truck, [GT Motors] breached its contract with [Appellant]." *Id.* at ¶¶ 10, 11.  As a result of the alleged breach, Appellant claims damages totaling $17,128.00.  *Id.* at ¶ 15.

GT Motors filed preliminary objections to Appellant's complaint on September 24, 2019, arguing, *inter alia*, that the complaint failed to state a breach of contract claim for which relief could be granted. GT Motors' Preliminary Objections, 9/24/19, at ¶¶ 51-60.  Attached to its preliminary objections, GT Motors submitted multiple exhibits, including a warranty disclaimer.  *Id.* at Exhibit G.  The warranty disclaimer is dated November 23, 2018, identifies Appellant as the buyer, GT Motors as the seller, and the vehicle subject to the disclaimer as a 2010 Ford F-150 pick-up truck bearing VIN 1FTMF1EWXAKA90637.  *Id.*

The disclaimer states in bold:

> **The seller, identified above, hereby expressly disclaims all warranties, either express or implied, including all implied warranties of merchantability or fitness for a particular purpose and the seller neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of the vehicle.**

GT Motors' Preliminary Objections, 9/24/19, at Exhibit G.  The warranty disclaimer further provides:

### "NOTICE OF VEHICLE SOLD WITHOUT WARRANTY"

> This vehicle is sold **without any warranty**. The buyer will bear the entire expense of repairing or correcting any defects that presently exist and/or may occur in the vehicle unless the salesperson promises in writing to correct such defects.

> BUYER HEREBY ACKNOWLEDGES HE HAS READ, UNDERSTANDS AND ACCEPTS THE PROVISIONS OF THE WARRANTY STATEMENT FOR THE ABOVE-IDENTIFIED VEHICLE.

*Id.* (emphasis in original).

At the bottom of the warranty disclaimer, two signature lines are respectively endorsed by Appellant and GT Motors' representative. *Id.* Both signatures are dated November 23, 2018. *Id.*

On May 4, 2020, the trial court issued an order and opinion sustaining GT Motors' preliminary objection in the nature of a demurrer for failure to state a breach of contract claim upon which relief could be granted. As the breach of contract claim was Appellant's sole cause of action, the court dismissed Appellant's complaint. The trial court explained that it sustained GT Motors' demurrer because the terms of the bill of sale, specifically its "as-is" warranty language and integration clause, together with the contemporaneously-signed warranty disclaimer, precluded relief for breach of contract. Trial Court Opinion, 5/4/20, at 4-8.

Appellant filed a timely appeal on June 1, 2020. Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents a single issue for our review:

A. WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING PRELIMINARY OBJECTIONS IN THE NATURE OF A DEMURRER AND DISMISSING APPELLANT'S COMPLAINT WHEN THE TRIAL COURT RELIED UPON DOCUMENTS AND EVIDENCE NOT CONTAINED WITHIN APPELLANT'S COMPLAINT.

Appellant's Brief at 6.

At the outset, we recognize our standard of review:

Our standard of review of an order granting preliminary objections is well-settled.

Preliminary objections in the nature of a demurrer should be granted where the contested pleading is legally insufficient. Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer. All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true. In reviewing a trial court's grant of preliminary objections, the standard of review is *de novo* and the scope of review is plenary. Moreover, we review the trial court's decision for an abuse of discretion or an error of law.

*Caltagirone v. Cephalon, Inc.*, 190 A.3d 596, 599 (Pa. Super. 2018) (citations omitted).

Appellant argues that the trial court erred by considering the warranty disclaimer[3] attached to GT Motors' preliminary objections. Appellant's Brief at 12-13. Appellant further avers that the court usurped the role of fact-finder in concluding that the warranty disclaimer was part of the contract between the parties. *Id.* at 14. We disagree.

In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and

---

[3] Appellant also claims the trial court incorrectly considered the buyer's guide and affidavit attached to GT Motors' preliminary objections. *See* Appellant's Brief at 10-14; GT Motors' Preliminary Objections, 9/24/19, at Exhibits A & F. However, the trial court only cites the warranty language from the bill of sale and the warranty disclaimer as the basis for its ruling. *See* Trial Court Opinion, 5/4/20, at 4-8.

exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining preliminary objections will result in the denial of a claim or dismissal of suit, the preliminary objections may be sustained only where the case is free and clear of doubt.

*Hill v. Ofalt*, 85 A.3d 540, 547-48 (Pa. Super. 2014) (citation omitted).

"To successfully maintain a cause of action for breach of contract the plaintiff must establish: (1) the existence of a contract, including its essential terms, (2) a breach of duty imposed by the contract, and (3) resultant damages." *Albert v. Erie Ins. Exchange*, 65 A.3d 923, 928 (Pa. Super. 2013) (citation omitted). The Rules of Civil Procedure state:

(h) When any claim or defense is based upon an agreement, the pleading shall state specifically if the agreement is oral or written.

*Note:* If the agreement is in writing, it must be attached to the pleading. See subdivision (i) of this rule.

(i) When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing[.] . . .

Pa.R.C.P. 1019(h), (i).

Where a plaintiff's claim is based on written documents and the plaintiff fails to attach the documents to its complaint, the defendant may submit those documents with its preliminary objections and the court may consider those documents in ruling on a demurrer. *Conrad v. City of Pittsburgh*, 218 A.2d 906, 907 n.3 (Pa. 1966); *Regal Industrial Corp. v. Crum & Forster, Inc.*,

890 A.2d 395, 398-99 (Pa. Super. 2005) ("[A] defendant may attach a copy of a written agreement where the plaintiff alleges an agreement based on a writing.") (citation omitted).  Further, if a claim is based on a document, it is the document, not averments in the plaintiff's complaint characterizing it, that determine whether the plaintiff has stated a cause of action, and averments that conflict with the document need not be accepted as true.  ***Jenkins v. County of Schuylkill***, 658 A.2d 380, 383 (Pa. Super. 1995) (citation omitted).

Whether a writing or writings constitute the entire agreement between parties is a question of law.  ***Lenzi v. Hahnemann University***, 664 A.2d 1375, 1379 (Pa. Super. 1995).  "It is a general rule of law in the Commonwealth that where a contract refers to and incorporates the provisions of another, both shall be construed together."  ***Southwestern Energy Production Co. v. Forest Resources, LLC***, 83 A.3d 177, 187 (Pa. Super. 2013) (citations omitted).  "Where several instruments are made as part of one transaction they will be read together, and each will be construed with reference to the other[.]"  ***Id.*** (citations omitted).  ***See also Black v. T.M. Landis, Inc.***, 421 A.2d 1105, 1107 (Pa. 1980) ("It is a basic principle of contract law that when two or more writings are executed at the same time and involve the same transaction, they should be construed as a whole.") (citations omitted).

Instantly, the trial court capably, thoroughly and accurately explained:

The bill of sale signed by [Appellant] conspicuously states there are no express or implied warranties and the vehicle is being sold "as is." Section 13 of Pa.C.S.A. § 2314 of the Uniform Commercial Code (UCC) defines the implied warranty of merchantability as a warranty that the goods will pass without objection in the trade and are fit for the ordinary purposes for which such goods are used. Moscatiello v. Pittsburgh Contractors Equipment Co., 595 A.2d 1190, 1194 (Pa. Super. 1991).

However, 13 Pa.C.S.A. § 2316, Exclusion or Modification of Warranties, states in pertinent part:

> (b) **Implied warranties of merchantability and fitness.** — Subject to subsection (c), to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous.
>
> (c) **Implied warranties in general.** — Notwithstanding (b):
>
>> (1) Unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like "as is," "with all faults" or other language which in common understanding calls attention of the buyer to the exclusion of warranties and makes plain that there is no implied warranty.

13 Pa.C.S.A. § 2316.

Thus, to exclude the implied warranty of merchantability, the exclusionary language must mention the term "merchantability" and be conspicuous. Moscatiello, 595 A.2d at 1194. The Superior Court in Moscatiello also laid out the standard to determine if a clause is conspicuous:

> A term or clause is "conspicuous" when it is "so written that a reasonable person against whom it is to operate ought to have noticed it . . . language in the body of a form is conspicuous if it is larger or other contrasting type of color . . ." 13 Pa.C.S.A. § 1201. Comment 10 to section 1201 states that the test for

conspicuousness is whether attention can reasonably be expected to be called to the exclusions. The primary object of the conspicuousness requirement is to avoid fine print waiver of rights by the buyer. Greenspun v. American Adhesives, Inc., 320 F.Supp. 442 (E.D.Pa. 1970).

Id.

The exclusionary clause involved herein is located on the front side of the one-page bill of sale. It is under the Section titled "**VEHICLE WARRANTY**" which is in all capital letters and in bold font. In this section, a box is checked next to the clause which reads:

No Express or Implied Warranties. **AS IS: THIS MOTOR VEHICLE IS SOLD AS IS WITHOUT ANY WARRANTY EITHER EXPRESSED OR IMPLIED. THE PURCHASER WILL BEAR THE ENTIRE EXPENSE OF REPAIRING OR CORRECTING ANY DEFECTS THAT PRESENTLY EXIST OR THAT MAY OCCUR IN THE VEHICLE.**

*See* Bill of Sale attached to Complaint docketed on 8/30/19.

Additionally, "It is a general rule of law in the Commonwealth that where a contract refers to and incorporates the provisions of another, both shall be construed together." Trombetta v. Raymond James Financial Services, Inc., 907 A.2d 550, 560 (Pa. Super. 2006) (*citing* Shehadi v. Northeastern Nat'l. Bank, [] 378 A.2d 304, 306 ([Pa.] 1977). Here, the Warranty Disclaimer becomes a part of the contract. The bill of sale refers to and incorporates the Warranty disclaimer by stating "This agreement and the related documents that Buyer signs contemporaneously with this agreement . . . contain the entire agreement between Buyer and Seller . . ." Id. The Warranty Disclaimer and the bill of sale were signed contemporaneously as evidenced by both documents being signed on November 23, 2018. *See* Exhibits E, F, & G, of [GT Motors'] Preliminary Objections to [Appellant's] Complaint docketed on 9/24/2019. The language in the bill of sale combined with both documents being signed [] contemporaneously by [Appellant], the Warranty Disclaimer is a part of the contract entered into between [Appellant and GT Motors].

It is clear from conspicuous language in both the bill of sale and Warranty Disclaimer that there is no implied warranty of merchantability. The Warranty Disclaimer has the term "merchantability" in it, and with the exclusionary language in the bill of sale being separated into its own section, in bold font and being all capitalized, [Appellant] was put on notice that substantial rights of his were being relinquished.

With respect to any express warranties in the contract, [Appellant] fails to direct the court to any language in the contract amounting to an express warranty that would contradict or undermine the disclaimer of all warranties. In [Appellant's] complaint, he alleges "[i]n advertising the pick-up truck for sale, [GT Motors] warranted that the vehicle was in a state of good repair and was safe for operation." *See* Complaint docketed on 8/30/2019. Nowhere in the contract does this language appear. The only language relating to the condition of the vehicle is under the "**VEHICLE INFORMATION**" section located at the top of the bill of sale. That information denotes that the vehicle is "used," the year, make, model, VIN number, mileage, body and color of the vehicle. Nowhere in the bill of sale does it state the vehicle was in a "state of good repair and was safe for operation." *See* Bill of Sale attached to Complaint docketed on 8/30/2019. Therefore, it can be presumed [Appellant's] allegations of [GT Motors] warranting the vehicle being in a state of good repair and safe operation took place verbally prior to signing the contract.

In determining whether oral statements and representations can be used to clarify a contract, this court looks to the parol evidence rule. The Supreme Court in Toy v. Metropolitan Life Ins. Co. laid out the parol evidence rule in Pennsylvania:

> Where 'the parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only evidence of their agreement;' that "all preliminary negotiations, conversations and verbal agreements are merged in and superseded by the subsequent written contract;" and that 'unless fraud, accident, or mistake be averred, the writing constitutes the agreement between the parties, and its terms cannot be added to nor subtracted by parol evidence.'

- 11 -

Toy v. Metropolitan Life Ins. Co., [] 928 A.2d 186, 204 ([Pa.] 2007) (quoting Gianni v. Russel Co., []126 A. 791, 792 ([Pa.] 1924).

The Supreme Court in [Toy] further clarified exclusions to the parol evidence rule by stating:

> "While parol evidence may be introduced based on a party's claim that there was fraud in the execution of a contract, *i.e.*, that a term was fraudulently omitted from the contract, parol evidence may not be admitted based on a claim that there was fraud in the inducement of the contract, *i.e.*, that an opposing party made false representations that induced the complaining party to agree to the contract."

Toy, [] 928 A.2d 186, 205 ([Pa.] 2007) (*citing* HCB Contractors v. Liberty Place Hotel Associates, [] 652 A.2d 1278, 1279 ([Pa.] 1995).

The parties' unambiguous written contract indicates that no implied warranty was included in the purchase. Accordingly, the parol evidence rule bars [Appellant's] attempt to avoid the disclaimer through invocation of presumed pre-contractual conversations, during which [GT Motors] allegedly misrepresented the condition of the used vehicle. As previously stated, [Appellant] fails to direct the court to any other language in the contract amounting to an express warranty that would contradict or undermine the disclaimer of implied warranties.

Trial Court Opinion, 5/4/20, at 4-8 (some underlining omitted).

Upon review, we discern no error by the trial court in considering the warranty disclaimer as part of the contract between Appellant and GT Motors. Because Appellant's breach of contract claim was based on written documents, he was required to attach the documents to his complaint. *See* Pa.R.C.P. 1019(i). As the trial court made the proper legal conclusion that the warranty

disclaimer was part of the parties' contract,[4] *Lenzi*, 664 A.2d at 1379; *Forest Resources, LLC*, 83 A.3d at 187; *Black*, 421 A.2d at 1107, Appellant should have submitted the disclaimer as an exhibit to his complaint. Because Appellant failed to do so, GT Motors was permitted to attach the warranty disclaimer to its preliminary objections, and the trial court correctly considered it.[5] *Conrad*, 218 A.2d at 907 n.3; *Regal Industrial Corp.*, 890 A.2d at 398-99.

In sum, the trial court properly considered the warranty disclaimer as part of the parties' contract in determining that Appellant could not prove facts legally sufficient to establish a right to relief on his sole breach of contract

---

[4] In his response to GT Motors' preliminary objections, Appellant denies that the warranty disclaimer is part of the contract. Appellant's Response to GT Motors' Preliminary Objections, 12/16/19, at ¶ 30. "When reviewing a trial court's disposition of preliminary objections, this Court is only obligated to consider as true all of the well-pleaded **material facts** set forth in the complaint." *Glassmere Fuel Service, Inc. v. Clear*, 900 A.2d 398, 404 n.2 (Pa. Super. 2006) (citation omitted, emphasis added). We are "not required to accept allegations to the extent that they constitute conclusions of law." *Id.* (citation omitted). Because Appellant's assertion that the warranty disclaimer was not part of the contract constitutes a legal conclusion, the trial court was not required to accept this assertion as true merely because Appellant included it in his response to GT Motors' preliminary objections.

[5] Contrary to his initial arguments, Appellant eventually concedes that the trial court was permitted to consider the exhibits attached to GT Motors' preliminary objections. Appellant's Brief at 14 ("Appellant readily acknowledges decisional case law that has held that where a plaintiff's complaint referred to various documents upon which reliance was placed and such documents were not annexed to the complaint but were attached to a defendant's preliminary objections, a court can consider such documents in ruling upon preliminary objections.").

claim. We therefore affirm that trial court's order sustaining GT Motors' preliminary objections.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/27/2021